

$400

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY CHONG and MT133132, Inc., | : |
| Plaintiffs, | : No. _____ 18 1542 |
| v. | : COMPLAINT |
| 7-ELEVEN, INC., | : |
| | : JURY TRIAL REQUESTED |
| Defendant. | : |

Plaintiffs Anthony Chong and MT133132, Inc. ("Plaintiff"), by and through their undersigned counsel, hereby bring this Complaint against the above-named Defendant, 7-Eleven, Inc., and in support thereof says:

PARTIES

1.  Plaintiff Anthony Chong is an adult individual at 802 Lakeview Drive, Maple Glen, PA 19002.

2.  Plaintiff MT133132, Inc. is a Pennsylvania corporation located at 802 Lakeview Drive, Maple Glen, PA 19002.

3.  Defendant, 7-Eleven, Inc. ("Defendant" or "7-Eleven") is a Texas corporation with a regional office located at 16000 Commerce Parkway, Suite A, Mount Laurel, NJ 08054, and principle place of business located at One Arts Plaza, 1722 Routh St., Suite 1000, Dallas, Texas, 75201.

JURISDICTION AND VENUE

3.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy as to the Plaintiff exceeds $150,000.00,

1

exclusive of interest and costs, and because complete diversity exists between the parties, as Plaintiff is a citizen of Philadelphia, PA, which is different from the states where Defendant is incorporated and has its principal places of business.

4. This Court has supplemental jurisdiction over the remaining common law and state claims pursuant to 28 U.S.C. § 1367.

## BACKGROUND

5. Plaintiff has two written agreements with Defendant known as Store Franchise Agreements which requires Plaintiff to establish and maintain two separate 7-Eleven convenience stores, each located in Pennsylvania.

6. In consideration of the Franchise Agreements, Plaintiff paid Defendant a franchise fee for each store.

7. Plaintiff Chong has been a Franchisee of 7-Eleven, Inc. for 21 years, having first franchised a 7-Eleven in 1997.

8. Plaintiff has since incorporated MT133132, Inc. and transferred ownership of Plaintiff's stores to that entity.

9. On or about October 20, 2004, Plaintiff MT133132, Inc. and Defendant executed a revised version of the Franchise Agreements for each of Plaintiff's two stores numbered 11336E and 33380B ("Franchise Agreements").

10. The Franchise Agreements were drafted by Defendant and/or its attorneys.

11. Prior to Plaintiff executing the revised Franchise Agreements on October 20, 2004, Plaintiff was informed by Defendant that he could either sign the Franchise Agreements as written, or forgo continuing as a franchisee of 7-Eleven, Inc.

12. Plaintiff has at all times substantially complied with the material terms of the Franchise Agreements.

13. Under the terms of Franchise Agreements, Defendant promised to perform, *inter alia,* the following:

   a. Plaintiff will benefit as a franchisee by having the bargaining power of a chain and make every commercially reasonable effort to obtain the lowest cost for products and services available from Defendant's Bona Fide Suppliers, and maximize profit;

   b. To treat Plaintiff as an independent contractor with his own control over the manner and means of the operation of the store;

   c. To make fair and accurate reconciliations of the 7-Eleven Charge Account;

   d. To pay Plaintiff every week the amount of his weekly Draw for each store;

   e. To pay for all utilities associated with the operation of the stores;

   f. To honor all store maintenance service contracts and repair both the equipment and building as necessary;

   g. To conduct fair and accurate audits and merchandise reports; and

   h. To promote and advertise on behalf of the store, using collecting contributions for marketing campaigns.

14. Defendant has failed to perform in accordance with the Franchise Agreements.

15. Defendant has initiated new policies and charges to Plaintiff designed to diminish the profits of Plaintiff.

16. As an example, whereas Plaintiff's Store #11336E generated $2,631,503.48 in total sales in a one-year period in 2009 and net income for Plaintiff of $171,180.74, representing 6.5% of total sales as profit for Plaintiff, a one-year period in 2017 for the same store generated $2,192,753.07 in total sales but only $28,654.79 in net income for Plaintiff, representing only 1.3% of total sales as profit for Plaintiff.

17. If Plaintiff does not buy from the vendors that 7-Eleven wants him to, 7-Eleven increases its split of the profits, despite the fact that Plaintiff is supposed to be an independent contractor who is responsible for running the store.

18. Therefore if Plaintiff finds merchandise at a lower cost he nonetheless cannot purchase them and he must buy from 7-Eleven vendors, who at times are overly expensive and diminish Plaintiff's profits.

19. Despite the terms of the Agreement which state otherwise, 7-Eleven, Inc. is not getting the lowest prices for the Plaintiff.

20. Defendant has failed to change its stores, products, and marketing despite the ever-changing market and the expectations of consumers.

21. Defendant has failed to market and advertise for Defendant as agreed, despite charging Defendant for said advertising.

22. Due to, *inter alia,* the lack of response by 7-Eleven to the competition, Plaintiff's gross sales and net profits have decreased.

23. The unequal bargaining power between Plaintiff and Defendant allows Defendant to dictate the terms and conditions of every agreement and to impose unreasonable charges and demands upon Plaintiff, which has diminished any net income for Plaintiff.

4

24. Plaintiff believes and therefore avers that Defendant has devised a plan to terminate the Franchise Agreements with Plaintiff through the use of two tactics: (1) to make the business conditions so hostile that Plaintiff will want to terminate the Franchise Agreements; and (2) to make false assertions that Plaintiff violated the Franchise Agreement.

25. It is believed and therefore averred that Defendant's plan to drive out Plaintiff as a franchisee of 7-Eleven, Inc. is part of a wider scheme internally referred to by Defendant as "Operation Philadelphia" to drive out several franchisees from their franchises with 7-Eleven, Inc. and "take back" several 7-Eleven stores in the greater Philadelphia market.

26. A terminated franchise is a windfall to the Defendant.

27. When a franchise is terminated, and then sold to a new franchisee, it is believed and therefore averred that the Defendant also presents a different Franchise Agreement with terms more favorable for the Defendant, and the Defendant gets paid the franchise fee again.

28. Plaintiff's 21 years as a franchisee with 7-Eleven, Inc. has denied Defendant the ability to obtain new franchise fees for Plaintiff's stores, which typically would have been turned-over multiple times during that time period.

29. Plaintiff has invested resources and over 21 years of time, effort and good will into his stores, and the greater community they are located in.

### COUNT 1
### (Breach of Covenant of Good Faith and Fair Dealing)

30. By imposing unreasonable charges that have entirely diminished Plaintiff's profits, failing to properly advertise for Plaintiff as agreed and paid for, failing

5

to let Plaintiff obtain the lowest cost merchandise as stated in the Franchise Agreements, and targeting Plaintiff's store for "take back," Defendant has taken actions, in violation of Pennsylvania law, to constructively terminate Plaintiff's franchises under a concerted and deliberate attempt to drive out certain franchisee's from 7-Eleven, Inc. in the greater Philadelphia market.

31. Defendant's actions against Plaintiff are a breach of the Covenant of Good Faith and Fair Dealings, which are applicable to franchise agreements under Pennsylvania law.

WHEREFORE, Plaintiff demands judgment against Defendant for damages resulting from its breach of the covenant of good faith and fair dealing, punitive damages, attorney's fees and costs, and such further relief as the Court deems equitable and just.

## COUNT II
### (Breach of Contract)

32. Defendant has breached the Franchise Agreements by its actions as set forth above and is causing a *constructive* termination of the Franchise Agreements without just cause.

WHEREFORE, Plaintiff demands judgment against Defendant for damages resulting from its breach of contract, punitive damages, attorney's fees and costs, and such further relief as the Court deems equitable and just.

Dated: 4/12/18

Respectfully submitted,

Ahmed M. Soliman, Esq./ I.D. #309115
Soliman & Associates, PC
923 Haddonfield Road, Ste. 300
Cherry Hill, NJ 08002
Tel: (856) 324-8313/Fax: (856) 324-9080
E-mail: *soliman@solimanlegal.com*
Attorney for Plaintiff

## **VERIFICATION**

I, Anthony Chong, hereby verify that I am a Plaintiff in this matter, and the president Plaintiff MT133132, Inc., and further verify that the factual statements and averments made in the forgoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements therein are made subject to the penalties of 28 U.S.C. § 1746 relating to unsworn falsification to authorities.

_____
Anthony Chong

Dated: 4/12/18