## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **ANTHONY CHONG** *et al.*, | : | **CIVIL ACTION** |
| *Plaintiffs* | : | |
| **v.** | : | |
| | : | |
| **7-ELEVEN, INC.,** | : | **NO. 18-1542** |
| *Defendant* | : | |

## O R D E R

**AND NOW**, this 4th day of March, 2020, upon consideration of Defendant 7-Eleven's Motion to Exclude Testimony by Plaintiff's Expert James T. O'Brien and related filings (Doc. Nos. 48–50, 72), Plaintiff MT133132, Inc.'s ("MT") Response in Opposition (Doc. No. 57), 7-Eleven's Motion for Summary Judgment and related filings (Doc. Nos. 44–47, 51–53), MT's Response in Opposition and related filings (Doc. Nos. 58–65, 67, 68, 79–82), oral argument held on July 25, 2019, and the parties' supplemental briefing submitted after oral argument (Doc. Nos. 75, 76), it is **ORDERED** that:

1. 7-Eleven's Motion for Summary Judgment (Doc. No. 52) is **GRANTED** for the reasons set forth in the accompanying Memorandum, and judgment is entered in favor of 7-Eleven and against MT and Anthony Chong on 7-Eleven's breach of contract and breach of guaranty counterclaims in the amount of $159,566.78, plus prejudgment interest;

2. MT's claims against 7-Eleven are **DISMISSED WITH PREJUDICE**;

3. 7-Eleven's Motion to Exclude Testimony by Plaintiff's Expert James T. O'Brien (Doc. No. 49) is **DEEMED MOOT**; and

4. 7-Eleven shall have fourteen (14) days from the date of this Order to submit its proposed amount of prejudgment interest to be awarded, accompanied by any underlying calculations and relevant evidence,[1] as well as any other proposed costs to be awarded and the grounds for said costs.[2] MT and Anthony Chong may file responses within fourteen (14) days of the date of 7-Eleven's submission to the Court.

**BY THE COURT:**

**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] "Federal courts sitting in diversity must apply state law with respect to prejudgment interest." *Gleason v. Norwest Mortg., Inc.*, 253 F. App'x 198, 203 (3d Cir. 2007) (citing *Jarvis v. Johnson*, 668 F.2d 740, 746 (3d Cir. 1982)). "Under Pennsylvania law, the award of prejudgment interest in a contract action is not discretionary; it is a legal right to which a prevailing party is entitled." *ECEM European Chem. Mktg. B.V. v. Purolite Co.*, 451 F. App'x 73, 79 (3d Cir. 2011) (citing *Fernandez v. Levin*, 548 A.2d 1191, 1193 (Pa. 1988)). "Where 'damages are known or . . . ascertainable through mathematical calculations,'" prejudgment interest is limited to the statutory rate of 6% per annum. *Id.* (alteration in original) (quoting *Spang & Co. v. USX Corp.*, 599 A.2d 978, 984 (Pa. Super. 1991)); *see also* 41 P.S. § 202.

[2] *See, e.g.*, *Kelvin Cryosystems, Inc. v. Lightnin, a Div. of SPX Corp.*, No. 03-00881, 2005 WL 2994693, at *8 (E.D. Pa. Sept. 28, 2005), *aff'd sub nom. Kelvin Cryosystems, Inc. v. Lightnin*, 252 F. App'x 469 (3d Cir. 2007) ("[I]t is well-settled under Pennsylvania law that attorneys' fees are only awarded when provided by statute or by a specific contract provision.") (citing *Chatham Commc'ns, Inc. v. Gen. Press Corp.*, 344 A.2d 837, 842 (Pa. 1975)).

2