IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY CHONG, *et al.*, | : | |
| *Plaintiffs* | : | CIVIL ACTION |
| v. | : | |
| | : | |
| 7-ELEVEN, INC., | : | No. 18-1542 |
| *Defendant* | : | |

**MEMORANDUM**

PRATTER, J.                                                   SEPTEMBER 21, 2020

In granting Defendant 7-Eleven, Inc.'s Motion for Summary Judgement on its counterclaims, the Court ordered Defendant to submit its proposed amount of prejudgment interest to be awarded (Doc. No. 85). Defendant did so (Doc. No. 85) and Plaintiffs responded (Doc. No. 88). Plaintiffs effectively raise two issues with Defendant's proposed amount of prejudgment interest: (1) that Defendant's compounding of interest is contrary to Pennsylvania law, and (2) that interest is improper because the sum is not "certain." Neither of these objections has merit, and the Court will grant Defendant 7-Eleven, Inc.'s Motion to Amend Judgment for Award of Prejudgment Interest.[1]

First, compounding of interest is proper for the period prior to termination of the Open Account. It is true that "[i]f the parties have not by contract determined otherwise, simple interest at the statutory legal rate [of 6%]" is recoverable in breach of contract cases. *Hussey Metals Div. of Copper Range Co. v. Lectromelt Furnace Div. McGraw Edison Co.*, 417 F. Supp. 964, 967 (W.D. Pa. 1976), *aff'd*, 556 F.2d 566 (3d Cir. 1977) (quoting Restatement of Contracts § 337 (Am. Law Inst. 1932)). But here, the parties agreed upon an interest rate of the Bank of America Prime

---

[1] As this memorandum is drafted for the benefit of the parties, the Court assumes the reader's familiarity with the factual background of this case. A more complete recitation of the facts is set out in the Court's Memorandum denying Plaintiffs' motion for reconsideration (Doc. No. 95).

1

Rate plus two percent compounded monthly. *See* Newman Suppl. Dec. ¶ 7; Def's Mot. to Amend Judgment at 4-5). Plaintiffs do not contest this. That rate, and not the statutory rate of 6% simple interest, governs for the period between January 1, 2013 and April 27, 2018. *See Nutrition Mgmt. Servs. Co. v. Harborside Healthcare Corp.*, 181 F. App'x 315, 316 n.3 (3d Cir. 2006) ("Parties are free to contractually determine the availability and/or rate of interest if one of the parties breaches its duties; otherwise, the statutory rate of prejudgment interest applies.").

Second, the fact that Plaintiffs dispute the amount of damages is no bar to Defendant's right to prejudgment interest. As a preliminary matter, Plaintiffs point only to the possibility that the audits were inaccurate as a reason why the amount is not "certain," but do not argue that the cash reports or register receipts are inaccurate. Therefore, even if Plaintiffs' argument were well taken and prejudgment interest was inappropriate for damages arising from Plaintiffs' alleged inventory manipulation, prejudgment interest would still be "certain" for damages arising from insufficient paid-in-capital contributions.

Prejudgment interest is also proper for damages arising from Plaintiffs' alleged inventory manipulation, notwithstanding the fact that Plaintiffs argue that the audits may be inaccurate. It is true that "interest is allowable at the legal rate . . . where the damages are liquidated and certain . . . ." *Girard Bank v. John Hancock Mut. Life Ins. Co.*, 524 F. Supp. 884, 897 (E.D. Pa. 1981), *aff'd,* 688 F.2d 820 (3d Cir. 1982). But "certain" in this context means "ascertainable" not "beyond a shadow of a doubt." *See id.* (noting that damages must be "readily ascertainable through computation" for prejudgment interest to issue as of right). *See also ECEM European Chem. Mktg. B.V. v. Purolite Co.*, 451 F. App'x 73, 79 (3d Cir. 2011). For example in a case where the defendant disputed the amount of a debt arguing that some of the items delivered had been defective, the court found that the plaintiff should have been granted prejudgment interest because the existence

2

of a "bona fide dispute as to the amount of the indebtedness is no bar to the accruing of interest." *See Oxford Mfg. Co. Inc. v. Cliff House Bldg. Corp.*, 307 A.2d 343, 345 (Pa. Super. Ct. 1973). Similarly here, the damage to Defendant caused by Plaintiffs' alleged inventory manipulation was ascertainable through computation, as laid out in detail in Mr. Newman's two declarations. Plaintiffs' mere speculation that it is "possible that the audits . . . were inaccurate" is insufficient to render damages uncertain. And as Plaintiffs offer no contrary opinion or declaration, the Court credits Mr. Newman's estimate of damages which Defendants request.

Finally, even if damages were not "certain" or "liquidated," that would still not bar Defendant from gathering prejudgment interest. Rather, it would simply mean that prejudgment interest would be awarded according to the court's discretion, rather than by right. *See J. Pace & Assocs., Inc. v. Pajoma Holdings, LLC*, No. 1259 EDA 2013, 2014 WL 10987440, at *6 (Pa. Super. Ct. Jan. 13, 2014) ("An award of pre-judgment interest is, in general, a matter of a trial court's discretion. In certain situations, pre-judgment interest is awardable as of right . . . ."); *Sloan & Co. v. Liberty Mut. Ins. Co.*, No. CIV.A. 07-5325, 2009 WL 4591906, at *5 (E.D. Pa. Dec. 3, 2009). "There is no requirement that damages must be liquidated in order to receive prejudgment interest, and there is also no exception to a party's right to prejudgment interest simply because the amount of damages must be determined at trial." *E. Elec. Corp. of N.J. v. Shoemaker Const. Co.*, 657 F. Supp. 2d 545, 561 (E.D. Pa. 2009). In exercising this discretion, the Third Circuit has cautioned that "prejudgment interest should ordinarily be granted unless exceptional or unusual circumstances exist making the award of interest inequitable." *Skretvedt v. E.I. DuPont De Nemours*, 372 F.3d 193, 208 (3d Cir. 2004) (quoting *Anthuis v. Colt Indus. Operating Corp.*, 971 F.2d 999, 1010 (3d Cir. 1992)). Were it a matter of this Court's discretion, the Court would still award prejudgment interest to compensate Defendants from the unjust withholding of funds rightly

3

theirs, particularly given that Defendant's claims sound in fraud. *See Lexington Ins. Co. v. Abington Co.*, 621 F. Supp. 18, 20-21 (E.D. Pa. 1985) (applying Pennsylvania law and awarding prejudgment interest at the market rate in a breach of contract case because the remedy sought was equitable in nature).

## CONCLUSION

For the foregoing reasons, the Court grants Defendant 7-Eleven, Inc.'s motion. An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE